MICHAEL W. CROUGH and Another, as Administrators, etc., of DONALD CROUGH, Deceased, Respondents, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

VERA WINTER, Respondent, v. CARL WINTER, Appellant.— Motion for leave to appeal to Court of Appeals granted. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

HELEN E. WOODALL and Another, as Executors, etc., of JOHN G. WOODALL, Deceased, Appellants, v. UNITED STATES CASUALTY COMPANY, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ.

JOHN W. FERGUSON, Appellant, v. EDWIN D. DEWITT and Another, Respondents.— Motion for reargument denied, with ten dollars costs. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR J. LYNCH, Respondent, v. WILLIAM LAUGHLIN, as Mayor of the City of Niagara Falls, and Others, Appellants.— Stay granted pending application for leave to appeal. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

WILLIAM L. SCHULMAN, Respondent, v. ROBERT F. SCHELLING, Doing Business under the Assumed Name of BUFFALO RADIO ENGINEERING LABORATORIES, Appellant.— Motion for stay pending appeal granted, upon condition that the appeal shall be ready for argument at the opening of the November term. Present — Crouch, Taylor, Edgcomb, Thompson and Crosby, JJ.

BERNARD McDONALD, an Infant, etc., Respondent, v. M. E. HOOKS COMPANY, Appellant, and THE NEW YORK STATE RAILWAYS, Defendant.— Appeal dismissed for failure to comply with order entered April 29, 1930. Present — Crouch, Taylor, Edgcomb, Thompson and Crosby, JJ.

JOHN L. WHITE, Respondent, v. JAMES O. SEBRING, Impleaded, Appellant. JAMES O. SEBRING, Appellant, v. JOHN L. WHITE, Respondent.— Order of dismissal entered October 1, 1930, modified so as to provide for dismissal of the appeals unless appellant shall be ready for argument at the opening of the November term. We hold that the injunction order heretofore granted did not restrain the making of the motion to dismiss the appeals. The injunction order was called to our attention when the motion for dismissal of the appeals was made on September 30, 1930. We did not construe that order then, and do not construe it now, as affecting proceedings in the appeal itself. This construction is binding on the Supreme Court in this action. The injunction order necessarily presupposes diligence on the part of the appellant to bring on the appeal. The respondent must have the right to enforce such diligence. A genuine misunderstanding in this respect may, however, have arisen, and we modify the order on that account. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.